UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

C.J.W., an infant, by and through his legal guardian
and maternal grandmother, V.W., and V.W.,

**DECISION AND ORDER**

                    Plaintiffs,

12 Civ. 279 (GAY)

           -aga inst-

UNITED STATES OF AMERICA,

                Defendant.

------------------------------------------------------------------------x

This negligence action is brought pursuant to the Federal Tort Claims Act ("FTCA"),
28 U.S.C. §§ 2671-2680. Plaintiff C.J.W. ("the Plaintiff"), an infant at the time of the
accident herein, seeks to recover damages caused by the alleged negligence of
Deputy United States Marshal Nicholas Ricigliano ("DUSM Ricigliano") who was driving
a Marshals Service vehicle at the time of the accident. The defendant United States
(the "Government") denies liability. A non-jury trial was held on September 23, 2013.
The Court reserved decision. The following are the Court's findings of fact and
conclusion of law made pursuant to Fed.R.Civ.P. 52.

## I. FINDINGS OF FACT

Plaintiff was twelve years old at the time of accident that is the subject of this civil
action and is now sixteen years old. DUSM Ricigliano has been employed by the
United States Marshals Service as a Deputy U.S. Marshal since December 1996. On
August 26, 2009, at approximately 8:00 p.m. DUSM Ricigliano was returning home from
an investigation in Bronx County, New York and operating a 2005 Chevrolet Avalanche

owned by the Marshals Service.  As he traveled home, DUSM Ricigliano proceeded

west down E. 173rd Street and stopped at a red light at the intersection of E. 173rd Street

and Morris Avenue.  After the light turned green, DUSM Ricigliano proceeded through

the intersection within the speed limit.  The weather was clear, dry and there was still a

lot of daylight.

The Court credits all of the trial testimony of DUSM Ricigliano.  After DUSM

Ricigliano cleared said intersection, the Plaintiff ran into the street suddenly between

two parked cars on the south side of E. 173rd Street.  The Court finds that plaintiff was

not in a crosswalk.  When DUSM Ricigliano saw the Plaintiff to his left running at a full

sprint from south to north across the street he immediately applied his brakes, but was

unable to avoid contact with the Plaintiff.  DUSM Ricigliano did not have time to sound

his horn.  Plaintiff was not looking in the direction of the Marshals Service vehicle when

he ran into the street.  The braking vehicle was traveling about two to three miles per

hour when it made impact with the Plaintiff.  The front center portion of the vehicle made

impact with the Plaintiff. Plaintiff fell to the ground in front of the vehicle.  A New York

Police Department officer and another Deputy U.S. Marshal responded to the scene

after receiving radio calls.  An ambulance arrived and transported the Plaintiff to a

hospital.  The plaintiff underwent surgery for a fractured femur.

The Court finds that the impact between the vehicle and the Plaintiff occurred

approximately twenty-five to fifty feet past the crosswalk at the intersection of E. 173rd

Street and Morris Avenue.[1]  At trial, Plaintiff testified that he was walking within the

---

[1] DUSM Ricigliano testified that it was approximately fifty feet past the crosswalk.
New York Police Department officer Thomas Moore testified at trial that when he arrived

marked crosswalk at the subject intersection when he was struck by the vehicle driven by DUSM Ricigliano.  However, prior to trial during a deposition, Plaintiff gave contradictory testimony.  It was brought out at trial that Plaintiff was asked at his deposition to "place an X on where you were when you stepped into the street". (Deposition of Plaintiff at 34, lines 12-15).  Plaintiff placed an X on the Google map of where he stepped into the street that was not in the crosswalk of the intersection of E. 173rd Street and Morris Avenue.  (Govt. Exhibit E).   Plaintiff placed the X well beyond said intersection

The Court finds that the evidence presented at trial does not support in any way Plaintiff's trial testimony concerning where he was struck by the vehicle.  The Court does not credit Plaintiff's testimony in that regard.

## II. CONCLUSION OF LAW

Tort liability based upon the negligence or wrongful act or omission of an employee of the United States is governed by the laws of the state where the alleged conduct occurred.  Molzof v. United States, 502 U.S. 301, 305 (1992).  Here, New York law governs the case because the relevant events occurred in the Bronx, New York.  Under New York law, a plaintiff must establish three elements by a preponderance of the evidence in order to prevail in a negligence action.  Those elements are: 1) the

---

on the scene the vehicle was approximately twenty-five feet past the aforesaid intersection; and that the vehicle and Plaintiff, who was on the ground in front of the vehicle, were not in a crosswalk.  Officer Moore did not witness the accident.

Deputy U.S. Marshal Vrindavan Gabbard testified at trial that when she arrived on the scene the vehicle was in the "middle of the block" with the Plaintiff on the pavement in front of the vehicle.  DUSM Vrindavan testified that the vehicle and Plaintiff were not in the crosswalk or the aforesaid intersection.  DUSM Vrindavan did not witness the accident.

existence of a duty on defendant's part as to plaintiff; 2) a breach of this duty; and 3) injury to the plaintiff as a result thereof. Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002)(citing cases).

The duty owed by a motorist to a pedestrian like Plaintiff is to exercise due care in the operation of the motor vehicle. "Due care is that care which is exercised by reasonably prudent drivers. It is not that degree of care which guarantees that a driver will avoid any accident no matter what the circumstances might be." Russell v. Adduci, 140 A.D.2d 844, 845-46, 528 N.Y.S.2d 232, 234 (App.Div. 3rd Dept. 1988). In New York, negligence is defined as conduct which falls "below that of a reasonably prudent person under similar circumstances judged at the time of the conduct at issue." Holland v. United States, 918 F.Supp. 87, 89 (S.D.N.Y.)(citation omitted). New York law provides for a pure comparative negligence system and the culpable conduct attributable to a claimant does not bar recovery. N.Y.C.P.L.R. § 1411.

New York Vehicle & Traffic Law ("V&T Law") § 1146 (a) provides that "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway and shall give warning by sounding the horn when necessary." However, a driver who fails to sound his horn when confronted with a sudden emergency does not necessarily violate New York V&T Law § 1146. Kernaghan v. Fisher, 375 N.Y.S.2d 459, 461 (3 Dep't 1975).

New York V&T Law 1151(b) provides: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield." New York V&T Law 1152 (a) provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or

4

within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

Here, the credible evidence shows that Plaintiff ran into the road suddenly from between two parked cars; he was not within a crosswalk; he ran directly into the path of the oncoming vehicle driven by DUSM Ricigliano who was unable to avoid the accident or sound a horn in warning; and said vehicle was being driven safely within the speed limit. Plaintiff has not shown by a preponderance of the evidence that DUSM Ricigliano failed to exercise due care in the operation of his vehicle; or that any failure to exercise due care by DUSM Ricigliano was a proximate cause of the accident.

The Court concludes that Plaintiff was negligent in suddenly darting into the street outside a crosswalk and failing to yield to the oncoming vehicle driven by DUSM Ricigliano. The Court further concludes that Plaintiff's negligence was the sole proximate cause of the accident. As such, the Court finds that the Government is not liable to Plaintiff for any damages he suffered as a result the events that occurred on August 26, 2009.

## CONCLUSION

Accordingly, the Clerk of the Court is directed to enter judgment for the defendant United States of America.

SO ORDERED:

Dated: October     2013
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.